PIERRE LAVOIE *vs.* CITY OF AUBURN.

Androscoggin.    Opinion December 30, 1930.

*P. F. Tremblay,*
*H. E. Holmes,* for plaintiff.
*Fred H. Lancaster,* for defendant.

SITTING: DUNN, STURGIS, BARNES, PATTANGALL, FARRINGTON, JJ.

BARNES, J.    The plaintiff, in the fall of 1926, interviewed the collector of taxes of the defendant city with the purpose of purchasing what title the city had to a farm.

Such title as the city had was by virtue of prior tax deed.

It is alleged that the collector of taxes falsely represented to plaintiff that the city had full title to convey the premises; that the plaintiff relied on the representation as true; that he paid a substantial sum for the city's title believing it a good title, and that he had been dispossessed by another having a better title, and hence that he should be reimbursed, under the second count in his writ in assumpsit, the common count for moneys had by defendant to plaintiff's use.

The form of action is proper. "The action of assumpsit for money had and received is comprehensive in its reach and scope. Though the form of procedure is in law it is equitable in spirit and purpose and the substantial justice which it promotes renders it favored of the courts." *Dresser* v. *Kronberg*, 108 Me., 423.

But in the purchase of real estate from a municipality, as from a private citizen, the rule, *caveat emptor*, applies, and to sustain his claim for reimbursement the plaintiff must prove fraudulent representation by the grantor. *Butman* v. *Hussey*, 30 Me., 263; *Monson* v. *Tripp*, 81 Me., 24.

The deed to plaintiff is put in evidence. It is a quitclaim deed in common form, executed by "City of Auburn By F. W. Ford, Jr., City Manager."

Authority delegated to any agent to sell the land is not put in evidence. But it is assumed that a city may sell property of a private nature.

The official who acted was the City Manager.

Testimony was offered and received over defendant's objection that plaintiff had conversation with the collector of taxes as to the quality of the city's title. The objection appears to have been later waived by the city's counsel.

But in any event representations made by any citizen or official other than the agent to whom authority to make the contract of sale had been delegated can not be relied upon to establish a fraudulent transaction and to recover the purchase price from the municipality.

On the part of the defense it is argued that plaintiff was given a deed "with the same qualifications as a tax deed."

Just what is meant by the phrase quoted is not entirely clear

but from plaintiff's testimony it is evident he knew before he purchased that he was buying property taken by the defendant under the statutes providing for sales to recover taxes, and in the deed that he accepted is notice to him that the title of his grantor was so derived.

He must be assumed to have bargained for the property with knowledge that he was acquiring less than an indefeasible title.

He admits, under examination, it was his idea that he was paying his money "for tax deeds from 1915 to 1926," and the testimony of the city auditor is clear and full upon the point that on the occasion when the tax collector, at the request of the plaintiff, calculated the amount of the city's lien on the property, he advised the plaintiff it would be a quitclaim deed and not a deed of warranty that the city would give.

It seems clear that plaintiff, before purchasing, knew the city's title to the property. Possessed of this knowledge he sought the City Manager, and there is no testimony in the record of any representations made by the Manager except such, if any, as is in the deed.

So the conclusion must be that plaintiff knowingly gave his money for such title as the city had.

Point is made that after the sale the tax collector failed to lodge with the city treasurer a certificate of the parcels of land sold for taxes, with other particulars, as required by statute.

Four years after the sale such certificate can not be found. There is no proof that the collector for 1925 did not prepare and file such certificate, and in a somewhat similar case, our court has said, "The law presumes that official persons conduct legally and perform their duties until proof is made to the contrary." *Treat* v. *Orono*, 26 Me., 217.

So far as the plaintiff is concerned or would have been aided by perpetuation of the certificate required of a collector selling land for taxes, it goes only to the question of notice of defendant's title.

Of this it is plain in the record that plaintiff had actual notice.

The case is here upon report, and our finding must be,

*For defendant.*